

Scott M. Kessler

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY  10020

D: 212 880 3874
T: 212 880 3800
F: 212 880 8965
DirF: 212 905 6411
Scott.Kessler@akerman.com

August 25, 2023

**VIA ECF**

Honorable Nina R. Morrison, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>*Star Auto Sales of Bayside, Inc., et. al v. Rosenfield & Co., PLLC,*
              *Case No. 1:23-cv-04912-NRM-RML*</u>

Dear Judge Morrison:

      This firm represents Defendant Rosenfield & Company, PLLC ("Rosenfield") in the above-referenced case. Plaintiffs ("Star Auto") filed this lawsuit in New York despite a forum selection clause that required them to file in Florida, in an attempt to avoid Florida's statutes of limitations. Accordingly, and pursuant to Your Honor's Individual Practices Rules, we write to request a pre-motion conference on Rosenfield's anticipated motion, to be made pursuant to 28 USC § 1404(a) and Fed. R. Civ. P. 12(b)(6), which will seek transfer to the District Court for the Middle District of Florida; or in the alternative, dismissal of Counts I-IV and VI of the Amended Complaint ("AC"), as barred in whole or in part by Florida's statutes of limitations, or as insufficiently pled.

**Factual Background**

      On or about April 20, 2017, Plaintiffs entered into an agreement with Rosenfield under which Rosenfield agreed to provide forensic accounting services to Plaintiffs, who were investigating their former employees' embezzlement of corporate funds (the "4/20/17 Contract"). AC ¶¶17-26, 28.[1] The 4/20/17 Contract stated that "[t]his engagement and any actions that may arise shall be governed by the laws of the State of Florida and be brought in the judicial districts in which the headquarters of [Rosenfield] is located." Ex. A. Rosenfield's headquarters is located in Orlando, Florida, in the Middle District of Florida. AC ¶2. The 4/20/17 Contract provided that "[t]he agreements . . . contained in this engagement letter shall survive the completion or termination of this engagement." Ex. A. Plaintiffs allege that the 4/20/17 Contract was terminated on May 24, 2017, AC ¶37, and that that from May 25, 2017, Rosenfield's engagement was governed by an oral contract, contract-in-fact, or quasi-contract with modified payment terms and no forum selection or choice of law clause (the "5/25/17 Contract"), *id.* ¶¶38-40, 77-89. Plaintiffs also allege that the parties entered into a separate contract on or about March 8, 2019, whereby Rosenfield agreed to provide "investigation, prosecution, litigation support services, and expert

---

[1] A true and correct copy of the 4/20/17 Contract is attached hereto as **Exhibit A**.

1

testimony," relating to certain litigation matters (the "3/8/19 Contract"). *Id.* ¶¶59, 61. Plaintiffs purportedly terminated the 5/25/17 Contract and the 3/8/19 Contract on or about April 17, 2020. *Id.* ¶¶43, 71.

On April 30, 2021, Rosenfield sued Star Auto and Trachtenberg, Rodes & Friedberg LLP ("TRF"), Star Auto's former counsel, for nonpayment on a different contract, dated October 24, 2019 (the "10/24/19 Contract"). *Id.* ¶10. On July 30, 2021, Star Auto filed an Answer with Counterclaims, Cross-Claims, and Third-Party Complaint (the "SA Answer"), alleging that TRF had served as its legal counsel from December 1, 2017, that it had "not [been] satisfied and was frustrated with [Rosenfield's] services" when TRF executed the 10/24/19 Contract, and that, along with TRF, it had been interviewing accountants to replace Rosenfield by October 31, 2019. Ex. B, pgs. 35 ¶27, 37 ¶¶41-42.[2] On October 8, 2021, Star Auto filed an Amended Answer, which alleged the existence of the 5/25/17 Contract for the first time. Ex. C. On December 19, 2022, the Court ruled Rosenfield and TRF shared common citizenship and dismissed the action. AC ¶11.

Plaintiffs filed the present action on May 25, 2023, in the Supreme Court of the State of New York, Queens County. Plaintiffs alleged six counts, including for breach of the 4/20/17 Contract (Count I), the 5/25/17 Contract (Counts II-IV), the 3/8/19 Contract (Count V), and fraud (Count VI). Rosenfield removed the action to this Court on June 30, 2023. Plaintiffs filed the AC on August 4, 2023, in response to Rosenfield's pre-motion letter seeking transfer or dismissal.

## Argument

The AC should be transferred to the Middle District of Florida; or in the alternative, Counts I-IV and VI should be dismissed as time barred or as insufficiently pled.

**I.    Plaintiffs' Claims are Governed by the 4/20/17 Contract's
        Forum Selection and Choice of Law Clause**

*First*, the Court should not credit Plaintiffs' self-serving claim that the 4/20/17 Contract was terminated and replaced by the 5/25/17 Contract, a purported oral contract without forum selection or choice of law provisions. As well as being conclusory, Plaintiffs' claim is refuted by their own allegations in the TRF case, where they alleged that the 4/20/17 Contract remained effective until April 17, 2020. Ex. B, pg. 18 ¶¶20-22. Even if the Court accepts Plaintiffs' current version of events, it may still construe the 4/20/17 Contract's terms as governing the parties' uninterrupted course of conduct. *See St. Johns Inv. Mgmt. Co. v. Albaneze*, 22 So. 3d 728, 733 (Fla. App. Ct. 2009) (term contract's non-solicitation clause governed parties' post-term relationship).

*Second*, the 4/20/17 Contract's breadth shows the parties' contractual intent to litigate their entire dispute in Orlando, Florida pursuant to Florida's substantive and procedural laws, including Florida's laws governing tolling. The forum selection and choice of law clause states that Rosenfield's "engagement *and any actions that may arise* shall be governed by the laws of the State of Florida" and brought in Orlando, Florida. Ex. A.[3] The provision's "any actions that may arise" language is equivalent to phrases that have commonly been interpreted by courts in Florida and New York as encompassing all claims between contracting parties, including claims in tort.

---

[2] A true and correct copy of the SA Answer is attached hereto as **Exhibit B**. A true and correct copy of Star Auto's Amended Answer is attached hereto as **Exhibit C**. This Court may consider these pleadings because the AC "relies heavily upon [their] terms and effect." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021).

[3] Rosenfield's Florida incorporation and headquarters are sufficient "reasonable relationship" to render the clause enforceable. *EMA Fin., LLC v. NFusz, Inc.*, 444 F. Supp. 3d 530, 540-41 (S.D.N.Y. 2020) (collecting cases).

*Turtur v. Rothschild Registry Int'l, Inc.*, 26 F.3d 304, 309-10 (2d Cir. 1994) (choice of law clause governing "any controversy arising out of or relating to" contract included torts) (internal quotations omitted); *Connectus LLC v. Ampush Media, Inc.*, 2017 WL 275944, at *6 (M.D. Fla. Jan. 20, 2017) (same); *Mercer v. Raildreams, Inc.*, 702 F. Supp. 2d 176, 180 (E.D.N.Y. 2010) ("[I]t is settled law in this Circuit that forum selection clauses are to be interpreted broadly and are not restricted to pure breaches of the contracts containing the clauses"). Likewise, New York courts frequently interpret choice of law language referencing the enforcement of claims as incorporating procedural as well as the substantive laws. *2138747 Ontario, Inc. v. Samsung C & T Corp.*, 31 N.Y.3d 372, 376, 379 (2018) ("enforced in accordance with [state] law" incorporated procedural law); *see also Diamond Waterproofing Sys., Inc. v. 55 Liberty Owners Corp.*, 4 N.Y.3d 247, 253 (2005) (agreement to arbitrate "any controversy" included the choice of statute of limitations).[4]

## II. Transfer Pursuant to 28 USC § 1404(a) Would be in the Interest of Justice

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In the context of § 1404(a), the general rule is that forum selection clauses are enforced. *Rise Dev. Partners, LLC v. Signature Bank*, 2023 WL 3570663, at *1 (E.D.N.Y. May 18, 2023). Here, Plaintiffs do not dispute the validity of the 4/20/17 Contract, and it is not unjust to require Plaintiffs' compliance with its terms.

## III. NY CPLR § 205(a) Does Not Render Plaintiffs' Claims Timely

As discussed above, Plaintiffs' Counts I-IV and VI are governed by Florida's and not New York's tolling statute. Florida Statute § 95.051 "delineates an exclusive list of conditions that can 'toll' the running of the statute of limitations." *Wilchfort v. Knight*, 307 F. Supp. 3d 64, 82 (E.D.N.Y. 2018) (*citing Major League Baseball v. Morsani*, 790 So.2d 1071, 1075 (Fla. 2001)). None of these conditions extend the statutes of limitations applicable to Plaintiffs' claims because "Florida has chosen not to adopt a 'savings statute' that allows a plaintiff whose case has been dismissed otherwise than on the merits to pursue the action even though the statute of limitations has run." *Hastings v. Rosenberg*, 2019 WL 1295003, at *2 (M.D. Fla. Mar. 21, 2019); *Pierson v. Orlando Reg'l Healthcare Sys, Inc.*, 2010 WL 1408391, at *15 (M.D. Fla. Apr. 6, 2010) ("Equitable tolling . . . is not available in civil actions in Florida. Section 95.051(1) . . . sets forth a list of events that toll a statute of limitations, and equitable tolling is not among them"), *aff'd* 451 Fed.Appx. 862 (11th Cir. 2012). Moreover, even if New York tolling does apply, NY CPLR 205(a) is still inapplicable. Titled "New action by plaintiff," section 205(a) concerns a second action filed by the first action's plaintiff. In contrast, section 205(b), titled "Defense or counterclaim," governs tolling for claims by the first action's defendant, but it only applies where the first action's plaintiff initiates the second action.

## IV. Plaintiffs' Breach of Contract and Fraud Claims are Barred by Fla. Stat. § 95.11(4)(b)

Plaintiffs' claims for breach of the 4/20/17 Contract (Count I), breach of the 5/25/17 Contract (Counts II-IV), and fraud (Count VI), at core, concern Rosenfield's purported failure as a provider of forensic accounting services to meet the professional standards of the American Institute of Certified Public Accountants. AC ¶31. Despite Plaintiffs' improper labeling of these claims, each sounds in professional negligence and is subject to Florida's two-year statute of limitations. Fla. Stat. § 95.11(4)(b). Florida's statute applies to professional negligence claims

---

[4] "Florida courts consider the statute of limitations to be substantive rather than procedural," subject to contractual determination. *Perez v. Fedex Ground Package Sys., Inc.*, 587 F. App'x 603, 606 (11th Cir. 2014).

without regard to how the claims are pled, whether as contract claims or in tort. *Abecassis v. Eugene M. Cummings, P.C.*, 2010 WL 9452252, at *3 (S.D. Fla. June 3, 2010), *aff'd*, 467 F. App'x 809 (11th Cir. 2012) ("In applying the [professional] malpractice statute of limitations, it is the substance, not the form, of the allegations that controls").

Here, Plaintiffs allege "Rosenfield breached its contracts by . . . Failing to uncover new schemes committed by [Plaintiffs'] former employees (which were later uncovered); . . . Failing to produce a competent report or make conclusions; . . . [and] Performing work not specifically requested to be done by [Plaintiffs]." AC ¶¶49, 75, 78, 83, 89. Even Plaintiffs' claim that Rosenfield "excessively and unreasonably bill[ed] [Plaintiffs] for its services," *id.* ¶47, can be interpreted only in relation to Plaintiffs' allegation that Rosenfield "fail[ed] to perform forensic accounting work it was obligated to perform," *id.*, "bill[ed] for work not requested by [Plaintiffs]," *id.*, and performed work "of such a poor quality that [Plaintiffs] cannot use or rely on" it, causing Plaintiffs "to retain other forensic accountants to perform the work that Rosenfield failed to perform, but for which Rosenfield was paid," *id.* ¶48. In this context, all such claims unquestionably sound in professional negligence.

Likewise, Plaintiffs' fraud claim relies on Rosenfield's purported misstatements (i) that "certain theft schemes occurred," which Plaintiffs allege "did not occur;" and (ii) that "[Rosenfield] would provide reports proving that [Plaintiffs'] employees committed various schemes," which, Plaintiffs' allege, Rosenfield "never provid[ed]." *Id.* ¶96.[5] Even assuming the statements were false, and as discussed below, the Court need not infer that such falsity resulted from more than mere error, making the claim one for professional negligence.

Plaintiffs became aware of their claims, or could have with the exercise of due diligence, on or before October 24, 2019, when Plaintiffs were "not satisfied" and "frustrated" with Rosenfield's services, Ex. B, pg. 37 ¶41; October 31, 2019, when Plaintiffs and their legal counsel interviewed accounting firms to replace Rosenfield, *id.* ¶42; December 4, 2019, when Rosenfield provided Plaintiffs with its "most recent [forensic accounting] report," which Plaintiffs allege "contained numerous errors and issues," AC ¶50; January 24, 2020, when Plaintiffs retained a "private investigator," hired by Plaintiffs' legal counsel, to assess Rosenfield's work, *id.* ¶51; and in no event later than April 17, 2020, when Plaintiffs terminated Rosenfield's services under the purported 5/25/17 Contract and the 3/8/19 Contract, *id.* ¶¶43, 71. Accordingly, Plaintiffs' Counts I-IV and VI accrued more than two years prior to Plaintiffs' filing on May 25, 2023.

### V. Plaintiffs' Claim for Breach of the 4/20/17 Contract is also Barred by Fla. Stat. § 95.11(2)(b)

Even if not construed as a claim for professional negligence, Plaintiffs' claim that Rosenfield breached the 4/20/2017 Contract (Count I) is barred by Florida's five-year statute of limitations for claims asserting breach of a written contract. Fla. Stat. § 95.11(2)(b). Plaintiffs allege that the 4/20/17 Contract was terminated on May 24, 2017, AC ¶37, meaning any breach of the 4/20/17 Contract occurred more than five years prior to Plaintiffs' filing on May 25, 2023.

### VI. Plaintiffs' Claims for Breach of the 5/25/17 Contract are also Barred by Fla. Stat. § 95.11(3)(j)

Even if not construed as claims for professional negligence, Plaintiffs' claims that Rosenfield breached the 5/25/17 Contract (Counts II-IV) are nonetheless barred, as least substantially, by Florida's four-year statute of limitations for claims asserting breach of a verbal

---

[5] Plaintiffs do not allege that these purportedly "fraudulent" statements were made after December 4, 2019. *Id.* ¶97.

4

contract. Fla. Stat. § 95.11(3)(j).[6] Plaintiffs allege Rosenfield breached the agreement, in substantial part, by submitting poor quality work product, AC ¶¶78, 83, 89, yet Plaintiffs alleges Rosenfield only submitted three forensic accounting reports, on June 2, 2017, May 29, 2018, and December 4, 2019, *id.* ¶50. Accordingly, Plaintiffs' claims for breach of the 5/25/17 Contract are barred to the extent they are based on events that occurred prior to May 25, 2019.

### VII. Plaintiffs' Claim for Fraud is Insufficiently Pled and Barred by Fla. Stat. § 95.11(3)(i)

Even if not construed as a claim for professional negligence, Plaintiffs' claim that Rosenfield committed fraud (Count VI) is nonetheless insufficiently pled and largely barred by Florida's four-year statute of limitation. Fla. Stat. § 95.11(3)(i). *First*, Plaintiffs' scienter claim only asserts Rosenstein acted with a general profit motive, and accordingly fails to comply with Fed. R. Civ. P. 9(b)'s heightened pleading standard. *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 354 (S.D.N.Y. 2020) ("simply alleging a defendant's self-interested desire to increase sales does not give rise to an inference of fraudulent intent"); *Aspen Am. Ins. Co. v. Tasal, LLC*, 508 F. Supp. 3d 1179, 1185 (M.D. Fla. 2020) (same). *Second*, Plaintiffs identify only two purportedly fraudulent statements with any degree of particularity. AC ¶96. The first, that certain thefts schemes occurred, which Plaintiffs later learned did not occur, *id.*, is duplicative with, and not independent of, Plaintiffs' breach of contract claims (to the extent these claims are construed as such), which relate to the quality of Rosenfield's forensic accounting services, *Scrap King LLC v. Stericycle, Inc.*, 2019 WL 11555235, at *7 (M.D. Fla. Mar. 15, 2019); while the second, that Rosenfield would provide certain documentation, which it did not ultimately provide, is likewise an unactionable statement of intent to perform, which Plaintiff fails to allege was false when made, *XP Glob., Inc. v. AVM, L.P.*, 2016 WL 4987618, at *8 (S.D. Fla. Sept. 19, 2016).

*Finally*, Plaintiffs' fraud claim is largely barred by Florida's four-year statute of limitations. Fla. Stat. § 95.11(3)(i). Plaintiffs do not allege that Rosenfield made any misstatements prior to entering into the 4/20/17 Contract or the 5/25/17 Contract, or later than December 4, 2019. AC ¶¶96-97. Moreover, Plaintiffs allege that they were represented by legal counsel as early as December 1, 2017, Ex. B, pg. 35 ¶27, and by a private investigator (who questioned Rosenfield's work) by not later than January 24, 2020, AC ¶51. Plaintiffs subsequently terminated their relationship with Rosenfield on or about April 17, 2020. *Id.* ¶¶43, 71. Accordingly, Plaintiffs' fraud claims that accrued prior to May 25, 2019 are time barred.

For the foregoing reasons, Rosenfield respectfully requests a pre-motion conference on its anticipated motion. We thank the Court in advance for its time and attention to this matter.

Respectfully submitted,

Scott M. Kessler

cc: Jamie Felsen, Esq. (via ECF)
    Samuel P. Vitello, Esq. (via ECF)

---

[6] Florida's four-year limitation period applies to "[a]ny action not specifically provided. . ." Fla. Stat. § 95.11(3)(o).